```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

SANDRA C. MEYERS,                 *
                                  *
    Plaintiff,                    *
                                  *
vs.                               *   CIVIL ACTION 08-00009-B
                                  *
MICHAEL J. ASTRUE,                *
Commissioner of                   *
Social Security,                  *
                                  *
    Defendant.                    *

## ORDER

This matter is before the Court on Plaintiff's Motion For Attorney Fees Pursuant to The Equal Access To Justice Act and Memorandum is Support (Doc. 22, 23), and the Commissioner of Social Security's Response.  (Doc. 25). On December 19, 2008, the parties consented to have the undersigned conduct any and all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.  (Docs. 18, 19).

Plaintiff filed this action on January 4, 2008 challenging the denial of her application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq.  (Doc. 1).  On September 29, 20098, the Court entered Judgment and reversed and remanded this cause to the Commissioner of Social Security for further proceedings. (Doc. 21).

On December 14, 2009, Plaintiff filed a Motion for Attorney's fees and Memorandum in Support, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,812.50

for 14.5 attorney hours spent representing Plaintiff before this Court. (Docs. 22, 23). The Commissioner did not file any objection to Plaintiff's motion, but instead filed a response in which he advised that the parties have reached a compromise settlement of Plaintiff's request for attorney's fees. Pursuant to the parties' agreement, the Commissioner will pay Plaintiff's counsel $1,600 for attorney's fees under the EAJA. Additionally, the settlement shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action, and said settlement shall not be used as precedent in any future case nor shall it be construed as an admission by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified. Moreover, the settlement is without prejudice to Plaintiff's attorney's right to seek attorney's fees under Section 206(b) of the Social Security act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Based upon a review of Plaintiff's Motion and the Commissioner's Response, the undersigned is satisfied that the compromise settlement reached by the parties is reasonable. Therefore, pursuant to the parties' compromise settlement, it is hereby **ORDERED** that Plaintiff's counsel be awarded $1,600 in attorney's fees under the EAJA[1].

---

[1] In this circuit, the Eleventh Circuit Court of Appeals has held that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as

**DONE** this **17th** day of **December, 2009.**

   /s/ SONJA F. BIVINS
   **UNITED STATES MAGISTRATE JUDGE**

---

part of the party's litigation expenses. Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1509-11 (11th Cir. 1988). In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA. The recent decision of the Eleventh Circuit in Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. The Reeves court found the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services."  Id. at 736. The Reeves court further held that EAJA fees may be offset by the government where the plaintiff owes debts subject to the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a). Id. at n.3; see also 31 C.F.R. § 285.5.

In neither Panola nor Reeves did the Eleventh Circuit address the issue of the payment of EAJA fees directly to counsel when the parties have entered a compromise settlement with respect to EAJA fees, and said settlement expressly provides that the EAJA fees will be paid directly to counsel.  Given that Plaintiff, his counsel and the Commissioner have agreed to settle the EAJA fee issue and have further agreed that the EAJA fee is to be paid directly to Plaintiff's counsel, the undersigned can discern no reason why the parties' agreement should not be honored under the circumstances of this case.